Joseph A. Grube, OSB #962976
joe@go-trial.com
Grube Orehoski, PLLC
1200 Fifth Avenue, Suite 1711
Seattle, WA 98101
Tel: 206.624.5975/ Fax: 206.770.7607
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LEROY GRANT | NO. |
| Plaintiff, | COMPLAINT |
| v. | |
| HARBOR TRUCKING, LTD and DEVINDER SINGH BRAR, | |
| Defendants. | |

Plaintiff by and through its counsel, alleges as follows:

## 1. PARTIES

1.1   Plaintiff Leroy Grant ("Grant") is a resident of Yuba City, California.

1.2   Defendant Harbor Trucking LTD ("Harbor Trucking") is a Canadian corporation with its principal place of business located in British Columbia, Canada. At all relevant times, Harbor Trucking was engaged in interstate commerce throughout the United States, including Oregon.

1.3   Defendant Devinder Singh Brar ("Singh") is a Canadian citizen. On information and belief, Singh is a resident of British Columbia, Canada. At all material times Singh was an employee and/or agent of Harbor Trucking and was acting in the course and scope of his employment and agency.

## 2. JURISDICTION AND VENUE

2.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a state and citizens or subjects of a foreign state.

2.2   Venue is proper in the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## 3. ALLEGATIONS

3.1   This action arises out of a commercial motor vehicle collision that occurred on January 14, 2024, on Interstate 5 northbound near milepost 171, in Cottage Grove, Lane County, Oregon.

3.2   Grant was a passenger in a Volvo tractor-trailer traveling northbound on Interstate 5 at the time of the collision.

3.3   Grant was not operating, controlling, directing, or responsible for the operation of any vehicle involved in the collision.

3.4   At the same time and place, Defendant Singh was operating a Freightliner tractor-trailer traveling northbound on Interstate 5 in the same direction of travel as Grant.

3.5  At all relevant times, Defendant Singh was acting within the course and scope of his employment and/or agency with Defendant Harbor Trucking, a commercial motor carrier engaged in interstate trucking operations.

3.6  Roadway conditions at the time of the collision included icy and winter conditions, which were known or should have been known to Defendant Singh and Harbor Trucking.

3.7  Despite these hazardous conditions, Defendant Singh failed to operate the Freightliner tractor-trailer in a safe and prudent manner, failed to maintain a safe following distance, and failed to maintain proper control of the vehicle.

3.8  As a direct result of Defendant Singh's loss of traction and failure to control the Freightliner tractor-trailer, Defendant Singh rear-ended the Volvo tractor-trailer in which Grant was riding as a passenger.

3.9  As a direct result of the collision, Grant suffered serious bodily injuries.

## 4. CLAIMS

### *Negligence*

4.1  At all material times Singh was negligent in one or more of the following ways:

(a)  In failing to stop, swerve or otherwise avoid colliding with Grant's tractor-trailer.

(b)  In failing to maintain a reasonable lookout;

(c)  In failing to maintain reasonable control of his vehicle;

(d)  In driving too fast under the circumstances; and

(e)  In following too closely under the circumstances.

4.2  Each of the foregoing acts and omissions was a substantial factor in causing the collision and Plaintiff's injuries.

4.2    At no time did Grant contribute to the cause of the collision in any manner.

4.3    As a result of the negligence of Singh, Plaintiff sustained a traumatic brain injury and post-concussive syndrome, including chronic headaches and dizziness, and further sustained injuries to the muscles, tendons, nerves, bones, joints, intervertebral discs, and soft tissues of the cervical spine, back, and right upper extremity, including a fracture and traumatic rotator cuff tear of the right shoulder requiring surgical repair; together with associated strains and sprains and resulting pain and functional limitation, all of which injuries, and the consequences of them, are or may be permanent and have caused Plaintiff to suffer economic damages in the form of lost wages, past and future medical care and expenses, and diminished earning capacity.

4.4    As a further result of the negligence of the Defendants, Plaintiff has also suffered non-economic damages including, but not limited to, past and future pain and suffering as well as past and future inconvenience and interference with normal and usual activities apart from gainful employment.

### *Respondeat Superior*

4.5    At all relevant times, Defendant Singh was acting within the course and scope of his employment and/or agency with Defendant Harbor Trucking and was operating the subject tractor-trailer in furtherance of Harbor Trucking's business and for its benefit. Accordingly, under the doctrine of respondeat superior, Defendant Harbor Trucking is vicariously liable for the acts and omissions of Defendant Singh, including the negligent operation of the tractor-trailer that directly and proximately caused Plaintiff's injuries and damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For judgment in such amount as shall be proven at the time of trial, including, but not limited to, judgment for economic and non-economic damages, including, but not limited to, judgment for pain and suffering, disfigurement, loss of enjoyment of life, physical disability, medical expenses, and loss of past and future wages;

2. For such other and further relief as the Court deems just and equitable.

DATED this 5th day of January 2026.

GRUBE OREHOSKI, PLLC

By: /s/ Joseph A. Grube
Joseph A. Grube, OSB No. 962976
Karen Orehoski, OSB No. 242764
Attorneys for Plaintiff